T.C. Memo. 2001-126

UNITED STATES TAX COURT

CROSS OIL COMPANY, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19154-99.                    Filed May 30, 2001.

Paul E. Northcutt, for petitioner.

Ann L. Darnold, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined deficiencies of $20,596 and $15,803 in petitioner's Federal income tax for the years ended June 30, 1996, and June 30, 1997, respectively.  The parties agree that the notice of deficiency contains a mathematical error in the computation of the section 481 tax amount and that the deficiency in dispute is $15,720 for the tax year ended June 30, 1996.  The sole issue for decision is whether

it was an abuse of respondent's discretion, under section 446, to require petitioner to change from the cash method of accounting to the accrual method of accounting in order to reflect clearly the income of petitioner's oil and gas business.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Petitioner Cross Oil Company, Inc., is an Oklahoma corporation with its principal place of business in Ponca City, Oklahoma. Petitioner is engaged in the wholesale and retail sale of gasoline, diesel fuel, oil, and other petroleum products.

Petitioner sells and distributes a premanufactured product to its customers. Petitioner's sales are mostly in bulk form, in which large orders of petroleum products are loaded at the local refinery and delivered directly to the customer by petitioner or by a contract truck hired by petitioner. Petitioner also maintains an inventory, of generally not more than a 2-1/2 week supply of products, at its business location. The inventory that is available for sale at petitioner's place of business is either delivered to or picked up by the customers. Petitioner's purchases of petroleum products are made as a 10-day net sale

from the local refinery, and payments for all invoices are made by an automatic draft from petitioner's checking account on the 10th day following any purchase. All invoices for the sale of products to customers by petitioner use a 10-day net collection period.

Richard and Vivian Cross, who together own 100 percent of petitioner, incorporated the business from a sole proprietorship in 1978. Petitioner has maintained its books and records using the cash or hybrid method of accounting since its incorporation. Petitioner has reported its income for Federal tax purposes using the cash method of accounting.

Petitioner's financial information is summarized in the following charts. Petitioner's ending inventory, gross sales, and percentages of ending inventory to gross sales are as follows:

| Year Ended | Ending Inventory | Gross Sales | Percentage of Ending Inventory to Gross Sales |
|---|---|---|---|
| June 30, 1996 | $104,148 | $2,119,386 | 4.91 |
| June 30, 1997 | 96,513 | 2,590,025 | 3.73 |

Petitioner's purchases, gross receipts, and percentages of purchases to gross receipts are as follows:

| Year Ended | Purchases | Gross Receipts | Percentage of Purchases to Gross Receipts |
|---|---|---|---|
| June 30, 1996 | $1,765,594 | $2,119,386 | 83 |
| June 30, 1997 | 2,288,090 | 2,590,025 | 88 |

Petitioner's total income (i.e., gross income less cost of goods sold) that was computed under the cash method and accrual method of accounting, and the differences in amounts and differences as percentages, are as follows:

| Year Ended | Cash Method | Accrual Method | Amount Difference | Percentage Difference |
|---|---|---|---|---|
| June 30, 1996 | $355,491 | $343,704 | ($11,787) | (3.4) |
| June 30, 1997 | 264,300 | 339,748 | 75,448 | 22.2 |

Petitioner's taxable income (i.e., total income less deductions) that was computed under the cash method and accrual method of accounting, and the differences in amounts, are as follows:

| Year Ended | Cash Method | Accrual Method | Amount Difference |
|---|---|---|---|
| June 30, 1996 | $20,649 | ($6,759) | ($27,408) |
| June 30, 1997 | (16,340) | 59,108 | 75,448 |

Following an audit, the Commissioner sent a notice of deficiency to petitioner that stated: "It is determined the accrual method of accounting more clearly reflects income than your current 'Cash Basis' method of accounting."

## OPINION

The issue presented is whether it was an abuse of respondent's discretion, under section 446, to require petitioner to change from the cash method of accounting to the accrual method of accounting in order to reflect clearly the income of petitioner's oil and gas business.

Section 446(b) vests the Commissioner with broad discretion in determining whether a particular method of accounting clearly reflects income. See Commissioner v. Hansen, 360 U.S. 446, 467 (1959); Knight-Ridder Newspapers, Inc. v. United States, 743 F.2d 781, 788 (11th Cir. 1984); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 370 (1995); RLC Indus. Co. v. Commissioner, 98 T.C. 457, 491 (1992), affd. 58 F.3d 413 (9th Cir. 1995). The Commissioner's determination is entitled to more than the usual presumption of correctness. See Ansley-Sheppard-Burgess Co. v. Commissioner, supra at 370; RLC Indus. Co. v. Commissioner, supra at 491. Accordingly, the Commissioner's interpretation of the "clear-reflection standard [of section 446(b)] 'should not be interfered with unless clearly unlawful.'" Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532 (1979) (quoting Lucas v. American Code Co., 280 U.S. 445, 449 (1930)); see also Ansley-Sheppard-Burgess Co. v. Commissioner, supra at 370.

The taxpayer bears "a 'heavy burden of [proof],'" and the Commissioner's determination "is not to be set aside unless shown to be 'plainly arbitrary.'" Thor Power Tool Co. v. Commissioner, supra at 532-533 (quoting Lucas v. Kansas City Structural Steel Co., 281 U.S. 264, 271 (1930)). The Commissioner may not, however, require a taxpayer to change from an accounting method that clearly reflects income to an

alternate method of accounting merely because the Commissioner considers the alternate method to reflect more clearly the taxpayer's income. See Ansley-Sheppard-Burgess Co. v. Commissioner, supra at 371.

The issue of whether the taxpayer's method of accounting clearly reflects income is a question of fact to be determined on a case-by-case basis. See id.; Ford Motor Co. v. Commissioner, 102 T.C. 87, 91-92 (1994), affd. 71 F.3d 209 (6th Cir. 1995). In reviewing the Commissioner's determination that the taxpayer's method of accounting does not clearly reflect income, the Court must determine whether there is an adequate basis in law for the Commissioner's conclusion. See Ansley-Sheppard-Burgess Co. v. Commissioner, supra at 371. Consequently, to prevail, a taxpayer must prove that the Commissioner's determination was arbitrary, capricious, or without sound basis in fact or law. See id.; Ford Motor Co. v. Commissioner, supra at 91-92.

Respondent determined, pursuant to section 446, that petitioner was required to change from the cash method to the accrual method of accounting for income tax purposes based on respondent's finding that petitioner's purchase and resale of petroleum products was an income-producing factor in petitioner's business, and, thus, petitioner was required to take inventories pursuant to section 1.471-1, Income Tax Regs., and was required to use the accrual method of accounting

pursuant to section 1.466-1(c)(2)(i), Income Tax Regs., to reflect accurately the income of its business activities.

Petitioner maintains that its cash method of accounting more clearly reflects the income and expenses of its business. Petitioner argues that respondent may not change its method of accounting from one that clearly reflects income to another method of accounting because the Commissioner determines that the alternate method will reflect petitioner's income more clearly.

Section 446 provides:

SEC. 446.   GENERAL RULE FOR METHODS OF ACCOUNTING.

(a) General Rule.--Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.

(b) Exceptions.--If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

(c) Permissible Methods.--Subject to the provisions of subsections (a) and (b), a taxpayer may compute taxable income under any of the following methods of accounting--

(1) the cash receipts and disbursements method;

(2) an accrual method;

(3) any other method permitted by this chapter; or

(4) any combination of the foregoing methods permitted under regulations prescribed by the Secretary.

Income-Producing Factor

Respondent determined that the purchase and sale of petroleum products was merchandise and an income-producing factor in petitioner's business. Even though petitioner maintains inventories, petitioner argues that its inventories are not an income-producing factor because the amount of its inventory at the end of the years in issue was insignificant and represents 4.91 percent and 3.73 percent, respectively, of total sales during the years in issue.

Section 471(a) provides:

SEC. 471. GENERAL RULE FOR INVENTORIES.

(a) General Rule.--Whenever in the opinion of the Secretary the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer on such basis as the Secretary may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

Under section 1.471-1, Income Tax Regs., a taxpayer must account for inventories if the production, purchase, or sale of merchandise is an income-producing factor in the taxpayer's business. A taxpayer who is required to maintain inventories must use the accrual method of accounting with regard to purchases and sales. See sec. 1.446-1(c)(2)(i), Income Tax Regs.

Petitioner's argument that the amount of inventories it maintains is insignificant ignores the recognized standard used when evaluating whether petitioner's petroleum products are an

income-producing factor. That standard requires comparison of the cost of the merchandise to the taxpayer's gross receipts computed under the cash method of accounting. See Wilkinson-Beane, Inc. v. Commissioner, 420 F.2d 352, 355 (1st Cir. 1970), affg. T.C. Memo. 1969-79; Knight-Ridder Newspapers, Inc. v. United States, 743 F.2d at 790; Euw v. Commissioner, T.C. Memo. 2000-114.

If the cost of material that a taxpayer uses to provide a service is substantial compared to its receipts, the material is a substantial income-producing factor. See Wilkinson-Beane, Inc. v. Commissioner, supra at 355 (income-producing factor where the cost of the coffin was included in price of funeral package and represented 15.4 percent and 14.7 percent of cash basis receipts); Knight-Ridder Newspapers, Inc. v. United States, supra at 790 (17.6 percent of total cash receipts suggests that supplies are an income-producing factor); Thompson Elec., Inc. v. Commissioner, T.C. Memo. 1995-292 (income-producing factor where cost of materials consisted of 37 percent to 44 percent of gross receipts).

Petitioner's business operations consisting of the sale and delivery of merchandise are similar to the facts presented in Euw v. Commissioner, supra. In Euw, the taxpayer operated a sand and gravel transportation business that acquired and delivered sand and gravel to its customers during the same business day. The cost of sand and gravel constituted 31 percent of the taxpayer's gross receipts. The taxpayer was

required to maintain inventories because the Court found that the sand and gravel were merchandise and an income-producing factor in the taxpayer's business.  The taxpayer was required to report its taxable income on the accrual method of accounting.  The Court held that the Commissioner did not abuse his discretion under section 446 when the Commissioner required the taxpayer to change from the cash method to the accrual method of accounting.  See id.

Petitioner's purchases were substantial and represent 83 percent and 88 percent of its gross receipts in 1996 and 1997, respectively.  Here, petitioner's purchase of petroleum products was substantial compared to its gross receipts and, as such, those products are an income-producing factor in petitioner's business.  Petitioner is required to use the accrual method of accounting, unless it is able to establish that the cash and accrual methods yield substantially identical results.

Substantial Identity of Results

Petitioner argues that a substantial identity of results exists between its cash method of accounting and the accrual method of accounting selected by the Commissioner.  Petitioner

claims that its receivables, inventory, and payables have remained consistent from the inception of the business and that it has not attempted to distort its income by unreasonably prepaying expenses, purchasing supplies in advance, or delaying the receipt of payment from its customers. Respondent argues that petitioner has failed to demonstrate that there is a substantial identity of results between the cash method and accrual method of accounting based on the differences in income between the cash method and accrual method of accounting.

The substantial identity of results test is a judicial creation that was first articulated in Wilkinson-Beane, Inc. v. Commissioner, supra. In Wilkinson-Beane, Inc., a cash-method taxpayer who was required to maintain an inventory and, thus, report income on the accrual basis argued that the difference in income that was determined by the method it used and the method selected by the Commissioner was negligible. The Court of Appeals held that, where the Commissioner has determined that the accounting method that is used by a taxpayer does not clearly reflect income, "the taxpayer must demonstrate substantial identity of results between his method and the method selected by the Commissioner" in order to prevail. Id. at 356. In Ansley-Sheppard-Burgess Co. v. Commissioner, supra at 377, this Court held that a taxpayer that is required to use the inventory method of accounting must meet the substantial

identity of results test in order to show that the Commissioner's determination, requiring it to change from the cash method to the accrual method of accounting, was an abuse of discretion.

The Court of Appeals in Wilkinson-Beane, Inc. v. Commissioner, 420 F.2d at 356, explained that the substantial identity of results test is a "rigorous standard [that] may occasionally work a harsh result" and that "the standard * * * [the taxpayer] must satisfy is extremely high." Id. at 356-357. In Wilkinson-Beane, Inc., the taxpayer failed to demonstrate that the cash method of accounting and accrual method of accounting produced substantial identity of results where differences in gross income resulting from the different methods were $2,094.80 and $4,009.76, respectively, during the years in issue. The court went on to state that "it must be borne in mind that regardless of the accuracy of taxpayer's cash method in the past, there is no guarantee that the stability of sales, costs, collections and other factors which make for that result will continue in the future." Id.; see also Ralston Dev. Corp. v. United States, 937 F.2d 510, 513 (10th Cir. 1991) (cash and accrual methods did not achieve substantial identity of results where use of the accrual method increased gross income by $715,515 (157 percent), $467,284 (36 percent), and $739,581 (48 percent)); Tebarco Mech. Corp. v.

Commissioner, T.C. Memo. 1997-311 (taxpayer failed to meet the substantial identity of results test where taxable income under the cash method of accounting was $54,128 and under the accrual method of accounting would be $328,549, and where gross receipts under the accrual method of accounting increased by $349,769); Thompson Elec., Inc. v. Commissioner, T.C. Memo. 1995-292 (cash method did not produce substantial identity of results where taxable income under cash method is $138,418 and $135,958 and under the accrual method is $331,925 and $289,039, respectively); J.P. Sheahan Associates, Inc. v. Commissioner, T.C. Memo. 1992-239 (taxpayer failed to meet substantial identity of results test where variations in taxable income ranged from a decrease in income of $111,263 to an increase in income of $99,055); Surtronics, Inc. v. Commissioner, T.C. Memo. 1985-277 (cash method did not produce substantially identical results to the accrual method where the use of the accrual method would increase net income by $132,437 and $73,673 and increase gross receipts by $148,212 and $92,771, respectively).

Petitioner produced several comparative charts that summarized the differences in income between the cash method and accrual method of accounting. Petitioner's total income under the cash method of accounting was $355,491 for the year ended June 30, 1996, and $264,300 for the year ended June 30,

1997. Total income under the accrual method of accounting would be $343,704 for the year ended June 30, 1996, and $339,748 for the year ended June 30, 1997. Thus, a change in accounting method from the cash method to the accrual method would yield a decrease in total income of $11,787, or approximately 3.4 percent, for the year ended June 30, 1996, and an increase in total income of $75,448, or approximately 22.2 percent, for the year ended June 30, 1997.

Petitioner's taxable income for the year ended June 30, 1996, under the cash method of accounting was income of $20,649 and under the accrual method of accounting would be a loss of $6,759, and a change in the method of accounting would yield a decrease in taxable income of $27,408. Petitioner's taxable income for the year ended June 30, 1997, under the cash method of accounting was a loss of $16,340 and under the accrual method of accounting would be income of $59,108, and a change in the method of accounting would yield an increase in taxable income of $75,448. Consistent with the cases that have been decided on this issue, we conclude that the cash method and the accrual method of accounting do not produce substantially identical results.

Section 448

Petitioner considers itself a small business that is a "mom-and-pop" operation. Petitioner has used the cash method

of accounting since its incorporation, and its owners claim that they do not understand the accrual method of accounting. Petitioner contends, based on section 448, that it is a small business with gross receipts of less than $5 million; it is exempt from the provision that requires a C corporation to adopt the accrual method of accounting; and, thus, it should be allowed to continue to use the cash method to report income for tax purposes.

Section 448 provides:

SEC. 448.  LIMITATION ON USE OF CASH METHOD OF ACCOUNTING.

(a) General Rule.--Except as otherwise provided in this section, in the case of a--

(1) C corporation,

*     *     *     *     *     *     *

taxable income shall not be computed under the cash receipts and disbursements method of accounting.

(b) Exceptions.--

*     *     *     *     *     *     *

(3) Entities with gross receipts of not more than $5,000,000.--Paragraphs (1) and (2) of subsection (a) shall not apply to any corporation or partnership for any taxable year if, for all prior taxable years beginning after December 31, 1985, such entity * * * met the $5,000,000 gross receipts test * * *.

The effect of section 448 on section 446(b) is explained in section 1.448-1T(c), Temporary Income Tax Regs., 52 Fed. Reg. 22767 (June 16, 1987), which, in pertinent part, provides:

Nothing in section 448 shall have any effect on the application of any other provision of law that would otherwise limit the use of the cash method, and no inference shall be drawn from section 448 with respect to the application of any such provision. For example, nothing in section 448 affects * * * the requirement of section 1.446-1(c)(2) that an accrual method be used with regard to purchases and sales of inventory. Similarly, nothing in section 448 affects the authority of the Commissioner under section 446(b) to require the use of an accounting method that clearly reflects income * * *

As discussed above, petitioner maintains inventories that are an income-producing factor in petitioner's business and is required to use the accrual method of accounting. Thus, section 1.446-1(c)(2), Income Tax Regs., which limits the use of the cash method, overrides the exception under section 448 that allows certain corporations to use the cash method of accounting. Similarly, section 448 does not affect the Commissioner's authority, under section 446(b), to require petitioner to change from the cash method to the accrual method of accounting.

Petitioner has failed to demonstrate that the Commissioner's determination was arbitrary, capricious, or without sound basis in fact or law. We conclude that respondent did not commit an abuse of discretion, under section 446, in determining that petitioner is required to change from the cash method of accounting to the accrual method of accounting. We have carefully considered all of the remaining

arguments that have been made by the parties for a result contrary to that expressed herein, and, to the extent not discussed above, they are irrelevant or without merit.

To correct the mathematical error in the notice of deficiency,

<u>Decision will be entered under Rule 155.</u>