# United States Tax Court

T.C. Memo. 2022-14

JOHN D. LORD AND BELINDA LORD,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 19224-18.                    Filed March 1, 2022.

————

*Jennifer E. Benda*, for petitioners.

*Luke D. Ortner* and *Tamara L. Kotzker*, for respondent.


## MEMORANDUM OPINION

KERRIGAN, *Judge*: In a notice of deficiency (notice) dated July 3, 2018, respondent determined that petitioners had a deficiency of $376,299 and an accuracy-related penalty pursuant to section 6662(a) of $75,260 for 2012. In the notice respondent made adjustments to passthrough income petitioners received from two businesses—Beyond Broadway, LLC (Broadway), and Artistant Dispensary Center, Inc. (Artistant) (together, businesses).

After concessions, the sole issue for consideration is whether tax depreciation methods for inventory production assets can be used under either section 263A or section 471 when section 280E is applied.[1]

————

[1] The parties have stipulated the amounts needed to compute a deduction pursuant to section 199.

**[\*2]**   Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, all regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

*Background*

This case was submitted pursuant to Rule 122.  The stipulated facts are incorporated by this reference.  When they timely filed their petition, petitioner husband resided in Colorado and petitioner wife resided in Arkansas.

For 2012 petitioners, then married, timely filed a joint Form 1040, U.S. Individual Income Tax Return.  They reported passthrough income attributable to two businesses in which petitioner husband held ownership interests—Broadway and Artistant.

In 2012 the State of Colorado licensed the businesses to cultivate, process, and distribute medical marijuana and medical marijuana products.  The businesses produced medical marijuana products for sale to patients and other licensees.  Broadway was formed under Colorado state law as a limited liability company and in 2012 was treated as a partnership for tax purposes.  On its 2012 Form 1065, U.S. Return of Partnership Income, Broadway reported gross receipts of $9,687,191.  After agreed adjustments, Broadway's costs of goods sold (COGS) for 2012 was $5,864,999.[2]

Artistant was incorporated under Colorado state law and in 2012 was treated as an S corporation for tax purposes.  On its 2012 Form 1120S, U.S. Income Tax Return for an S Corporation, Artistant reported gross receipts of $1,112,588.  After agreed adjustments, Artistant's COGS was $1,085,006.  Petitioner husband acquired a 90% ownership interest in Artistant on July 31, 2012.

For 2012 petitioner husband was allocated 50% of Broadway's allocable items and 37.38% of Artistant's allocable items.  The businesses did not have audited financial statements for 2012 and for

---

[2] If the bonus and accelerated depreciation methods are disallowed, this amount will be adjusted accordingly.

[*3] nontax purposes were not required to maintain books and records or financial reports in accordance with U.S. Generally Accepted Accounting Principles (GAAP). In 2012 the businesses maintained their books and records and financial reports on a tax basis using QuickBooks. The businesses computed their depreciation included in COGS for 2012 using the accelerated cost recovery method detailed in section 168(a); they also claimed bonus depreciation for 2012 pursuant to section 168(k). The businesses used methods pursuant to section 168(a) and (k) that did not conform with GAAP, but the recovery periods that they used did conform with GAAP. The parties agree that depreciation related to production assets is includible in inventory costs.

In the notice issued to petitioners on July 3, 2018, respondent determined adjustments to the depreciation deductions claimed by the businesses for 2012. Respondent adjusted Broadway's and Artistant's depreciation by $65,813 and −$716, respectively. Respondent's adjustments reflect respondent's position that section 263A should not be relied upon for the calculation of inventory and determination of COGS. Petitioners' income attributable to the businesses was likewise adjusted by $32,907 and −$268, reflecting petitioner husband's ownership interests in Broadway and Artistant, respectively.

*Discussion*

I.   *Burden of Proof*

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations erroneous. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Under section 7491(a) in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have neither shown nor claimed that the burden of proof should shift to respondent as to any relevant factual issue. Accordingly, the burden of proof remains with petitioners.

II.  *Section 280E*

Generally, section 162(a) allows a taxpayer to deduct from gross income ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 261, however, provides that "[i]n computing taxable income no deduction shall in any case be allowed in respect of the items specified in this part," which includes section 280E. *See Californians Helping to Alleviate Med. Probs., Inc. v. Commissioner* (*CHAMP*), 128 T.C. 173, 180 (2007).

**[\*4]** Section 280E precludes taxpayers from deducting any expense related to a business that consists of trafficking in a controlled substance. *See Olive v. Commissioner*, 139 T.C. 19, 29 (2012), *aff'd*, 792 F.3d 1146 (9th Cir. 2015). Section 280E disallows deductions only for business expenses and does not preclude the businesses from taking into account their COGS. *See CHAMP*, 128 T.C. at 178 n.4.

We have previously held that medical marijuana is a controlled substance. *Id.* at 180–81; *see also Gonzales v. Raich*, 545 U.S. 1 (2005); *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483 (2001). The dispensing of medical marijuana, while legal in Colorado, is illegal under federal law. *See Olive*, 139 T.C. at 39. Congress in section 280E has set an illegality under federal law as one trigger to preclude a taxpayer from deducting expenses incurred in a medical marijuana dispensary business. *Id.* This is true even if the business is legal under state law. *Id.*

III.    *Cost of Goods Sold*

COGS is not a deduction within the meaning of section 162(a) but is subtracted from gross receipts in determining a taxpayer's gross income. *See Max Sobel Wholesale Liquors v. Commissioner*, 69 T.C. 477 (1977), *aff'd*, 630 F.2d 670 (9th Cir. 1980); Treas. Reg. § 1.162-1(a). COGS is the cost of acquiring inventory, through either production or purchase. *Patients Mut. Assistance Collective Corp. v. Commissioner*, 151 T.C. 176, 205 (2018), *aff'd*, 995 F.3d 671 (9th Cir. 2021); *Reading v. Commissioner*, 70 T.C. 730, 733 (1978), *aff'd*, 614 F.2d 159 (8th Cir. 1980). COGS is generally determined under section 471 and its accompanying regulations. *See* Treas. Reg. §§ 1.471-3, 1.471-11. Producers are required to include in COGS both the direct and indirect costs of creating their inventory. *See* Treas. Reg. §§ 1.471-3(c), 1.471-11.

Section 471 and its accompanying regulations direct taxpayers to section 263A for additional rules. Section 263A instructs both producers and resellers to include "indirect" inventory costs in the cost of their inventory. *See* § 263A(a)(2)(B), (b); Treas. Reg. § 1.263A-1(a)(3), (c)(1), (e). Indirect costs are defined broadly as all costs other than direct material costs and direct labor costs (for producers) and acquisition costs (for resellers). Treas. Reg. § 1.263A-1(e)(3). Depreciation of production assets is an indirect cost. *See* Treas. Reg. § 1.471-11(c)(2).

**[\*5]** IV.  *Section 263A*

  The flush text of section 263A(a)(2) provides: "Any cost which (but for this subsection) could not be taken into account in computing taxable income for any taxable year shall not be treated as a cost described in this paragraph." Deductions disallowed by section 280E are costs subject to the prohibition of section 263A(a)(2). *Patients Mut.*, 151 T.C. at 209–10. Petitioners argue that the holding in *Patients Mutual* was overbroad. Citing legislative history, petitioners argue that the word "cost" in the flush text of section 263A(a)(2) is limited to personal, rather than business, costs. We disagree.

  Section 263A(2)(a) does not define "cost"; therefore, the word is given its ordinary meaning: "the amount or equivalent paid or charged for something." *Cost, Webster's New Collegiate Dictionary* 255 (1980). Nothing in the text of section 263A suggests that Congress intended to restrict the prohibition of section 263A(2)(a) to any personal expenses. Petitioners do not offer any evidence demonstrating a clear intent on the part of Congress to enforce section 263A(2)(a) contrary to the plain text of the statute. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."). Had Congress intended to exclude business expenses from this restriction it could have; it did not. The statute as to this point is unambiguous; therefore, the inquiry is complete. *Id.* at 254 (citing *Rubin v. United States*, 449 U.S. 424, 430 (1981)). Petitioners are therefore not able to rely on section 263A to calculate inventory costs.

V.  *Constitutional Entitlement*

  Petitioners argue the businesses are constitutionally entitled to accelerated and bonus depreciation because, as they claim, enforcement of respondent's adjustments would result in an impermissible tax on gross receipts, rather than gross income. They contend it would be unconstitutional not to be able to calculate their businesses' inventories pursuant to section 263A. We are not persuaded.

  In general, gross income is gross receipts less COGS. Treas. Reg. § 1.61-3(a). COGS is calculated by using either section 263A or 471. By using section 471 to calculate inventory, the businesses are able to deduct their direct inventory costs. *See Patients Mut.*, 151 T.C. at 208–09. Other deductions from gross receipts are permitted at Congress' discretion. *Helvering v. Indep. Life Ins. Co.*, 292 U.S. 371, 381 (1934).

**[*6]** Depreciation is an indirect cost of production, and the businesses are not entitled by the Constitution or statute to deduct depreciation of production assets.

Petitioners also contend that section 280E is unconstitutional. Petitioners argue that section 280E cannot be upheld because Congress did not describe it as an excise tax. We disagree. The terms that Congress uses to describe exactions have no bearing on whether the taxes themselves are constitutional. *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 564–65 (2012).

They further argue that section 280E is unconstitutional on Fifth Amendment grounds. We disagree. The U.S. Court of Appeals for the Tenth Circuit has stated that "the unlawfulness of an activity does not prevent its taxation." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1197 (10th Cir. 2018) (quoting *Marchetti v. United States*, 390 U.S. 39, 44 (1968)).

VI.    *Inventory Accounting*

Respondent has determined that the businesses' inventory accounting method does not clearly reflect income because, as the parties have stipulated, it does not conform with GAAP. Respondent changed the businesses' inventory accounting method to one that respondent concluded does clearly reflect income. Petitioners argue that the businesses' inventory accounting method is permitted under section 471.

In general, a taxpayer challenging the Commissioner's decision to change an accounting method must show that the Commissioner's action was "arbitrary and capricious and without sound basis in fact or law." *Ford Motor Co. v. Commissioner*, 102 T.C. 87, 92 (1994), *aff'd*, 71 F.3d 209 (6th Cir. 1995).

For the purpose of inventory accounting the businesses are subject to section 471. Under section 471, an inventory accounting method must: (1) conform as nearly as may be to the best accounting practice in the trade or business and (2) clearly reflect income. Treas. Reg. § 1.471-2. "Best accounting practice" has been held to be synonymous with GAAP, and GAAP-conforming methods have been held to satisfy the first prong of section 471. *Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 532 (1979).

**[\*7]**   Under section 471, an accounting method must also clearly reflect income.  In general an accounting method will be held to clearly reflect income if it has been consistently applied and conforms with GAAP. Treas. Reg. § 1.446-1(a)(2).  GAAP is a set of accounting principles, rather than stringent rules, so there may be instances in which several accounting methods conform with GAAP but do not all clearly reflect income.  *Thor Power Tool v. Commissioner,* 439 U.S. at 544; *see also Godchaux v. Conveying Techs., Inc.*, 846 F.2d 306, 315 (5th Cir. 1988) (stating that generally accepted accounting principles are flexible, and a reviewing court must decide "only whether the accountant chose a procedure from the universe of generally accepted accounting principles").  Such was the case in *Thor Power Tool*, where the Supreme Court held that GAAP conformity was insufficient to protect the taxpayer against the Commissioner's determination that its accounting method did not clearly reflect income.   *Thor Power Tool v. Commissioner*, 439 U.S. at 539–44.   Therefore, although GAAP conformity is not dispositive in determining whether an accounting method clearly reflects income, it is a "pertinent criterion." *Am. Fletcher Corp. v. United States*, 832 F.2d 436, 439 (7th Cir. 1987); *see also RLC Indus. Co. & Subs. v. Commissioner*, 98 T.C. 457, 502 (1992) (stating that the Commissioner had appropriately exercised discretion in changing accounting method "where a taxpayer's method was contrary to accounting principles"), *aff'd*, 58 F.3d 413 (9th Cir. 1995).

Petitioners argue that the businesses' inventory accounting method is permitted under section 471.  Petitioners, however, have stipulated that the businesses' inventory accounting method does not conform with GAAP.  They contend that Treasury Regulation § 1.471-11 allows the use of both accelerated and bonus depreciation methods. Petitioners have not provided any evidence to suggest that the businesses' inventory accounting method conforms with the best accounting practice for their trade or business.   The businesses' inventory accounting method does not satisfy the requirements of section 471 as defined by Treasury Regulation § 1.471-2.

VII.   *Section 446*

Section 446 provides the general rule for accounting methods. Under section 446(b), the Commissioner may change a taxpayer's accounting method if it does not, in the opinion of the Commissioner, clearly reflect income.  The Commissioner's authority to determine whether an accounting method clearly reflects income is not without limit.  *See RLC Indus. Co. & Subs.*, 98 T.C. at 501.  When a taxpayer

**[\*8]** consistently applies an accounting method explicitly provided to it by the Code or regulations, the Commissioner cannot find that the method does not clearly reflect income and cannot, therefore, change the taxpayer's accounting method. *See Orange & Rockland Utils., Inc. v. Commissioner*, 86 T.C. 199, 215 (1986).

To calculate part of their inventory costs, the businesses used a depreciation method outlined in section 168. Because the method they used is explicitly provided by the Code, petitioners argue that respondent is not permitted to change it. Petitioners' analysis is incomplete.

Section 168 provides a depreciation method for section 167 depreciation deductions. This Court has previously held depreciation deductions under section 167 are unavailable to section 280E-affected taxpayers. *San Jose Wellness v. Commissioner*, 156 T.C. 62, 67–68 (2021); *N. Cal. Small Bus. Assistants Inc. v. Commissioner*, 153 T.C. 65, 73 (2019). By enacting section 280E Congress intended to prohibit affected taxpayers from reducing their taxable income "to the extent of its constitutional authority." *San Jose Wellness*, 156 T.C. at 72 n.11.

In the absence of new legislation from Congress, the legislative intent of section 280E remains unchanged; shifts in public sentiment and legalization of marijuana do not change the purpose or applicability of section 280E. *Olive v. Commissioner*, 792 F.3d at 1150. The prohibitions of section 280E apply in full force to state-sanctioned medical marijuana businesses. *See N. Cal. Small Bus. Assistants*, 153 T.C. at 74 (finding that section 280E applies to a "medical marijuana dispensary legally operated under California State law"). Businesses that traffic in controlled substances are denied deductions, including deductions under section 167. *Id.* at 73. By the same logic, the associated section 168 deprecation method is likewise disallowed to section 280E-affected taxpayers. While the businesses' accounting method is explicitly provided by the Code, it is not available to them because of section 280E, and respondent may determine that it does not clearly reflect income.

We have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*