NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CONTINUING LIFE COMMUNITIES
THOUSAND OAKS, LLC, Spieker CLC,
LLC, Tax Matters Partner,

Petitioner-Appellee,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent-Appellant.

No. 22-70225

IRS No. 4806-15

MEMORANDUM*

On Petition for Review of an Order of the
United States Tax Court

Argued and Submitted March 25, 2024
San Francisco, California

Before: PAEZ, NGUYEN, and BUMATAY, Circuit Judges.

The Commissioner of Internal Revenue ("Commissioner") appeals the tax

court's grant of summary judgment to Continuing Life Communities Thousand

Oaks, LLC ("CLC").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the tax court's grant of summary judgment. *Miller v. Commissioner*, 310 F.3d 640, 642 (9th Cir. 2002). Where the Commissioner exercises his authority under 26 U.S.C. § 446 to impose an alternative accounting method on a taxpayer, we independently review the Commissioner's decision for abuse of discretion. *Jim Turin & Sons, Inc. v. Commissioner*, 219 F.3d 1103, 1105 (9th Cir. 2000); *Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 532–37 (1979). We affirm.

Although § 446 grants the Commissioner "wide discretion" to determine whether a taxpayer's accounting method clearly reflects income, such discretion "is not unbridled and may not be arbitrary." *Thor Power Tool*, 439 U.S. at 532–33. Thus, the Commissioner "cannot require a taxpayer to change from an accounting method which clearly reflects income because the Commissioner considers an alternate method to more clearly reflect income." *RLC Indus. Co. & Subsidiaries v. Commissioner*, 98 T.C. 457, 491 (1992), *aff'd*, 58 F.3d 413 (9th Cir. 1995).

It is undisputed that CLC's accounting method for deferred entrance fees, which CLC has employed consistently, complies with generally accepted accounting principles ("GAAP"). Under the applicable regulations, such an accounting method will ordinarily clearly reflect income. 26 C.F.R. § 1.446-1(a)(2) ("A method of accounting which reflects the consistent application of [GAAP] in a particular trade or business . . . will ordinarily be regarded as clearly

2

reflecting income . . . .").

The Commissioner argues that CLC's accounting method for deferred entrance fees nevertheless fails to comply with applicable regulations governing accrual-method accounting. *See Thor Power Tool*, 439 U.S. at 533 (holding that Commissioner did not abuse his discretion in determining that taxpayer's consistently-applied, GAAP-compliant accounting method did not clearly reflect income where that method "was plainly inconsistent with" applicable regulations). "Under an accrual method of accounting, income is includible in gross income when all the events have occurred which fix the right to receive such income and the amount thereof can be determined with reasonable accuracy (all events test)." 26 C.F.R.§ 1.451-1(a). "The objective is to determine at what point in time the [taxpayer] acquired an unconditional right to receive payment under the contract." *Hallmark Cards, Inc. & Subsidiaries v. Commissioner*, 90 T.C. 26, 32 (1988).

We agree with the tax court that CLC's accounting method for deferred entrance fees satisfies the all-events test. While the schedule in the Residence Agreement sets the fee amount, CLC's right to receive *any* deferred entrance fee from a resident becomes fixed only once CLC fulfills its statutory and contractual obligation to provide lifetime care to that resident. CLC's provision of lifetime care is thus properly understood as a condition precedent, not a condition subsequent, to its right to receive any deferred entrance fee.

3

Because CLC's accounting method for deferred entrance fees clearly reflects income and is consistent with regulatory requirements, the Commissioner lacks authority to impose an alternative method he considers to more clearly reflect income. *RLC Indus.*, 98 T.C. at 491.

**AFFIRMED.**