**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN OLIVE,<br>　　　　*Petitioner-Appellant*,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br>　　　　*Respondent-Appellee*. | No. 13-70510<br><br>Tax Ct. No.<br>14406-08<br><br><br>OPINION |

Appeal from a Decision of the
United States Tax Court
Diane Kroupa, Tax Court Judge, Presiding

Argued and Submitted
April 16, 2015—San Francisco, California

Filed July 9, 2015

Before: Alex Kozinski and Susan P. Graber, Circuit
Judges, and Dee V. Benson,[*] Senior District Judge.

Opinion by Judge Graber

---

[*] The Honorable Dee V. Benson, Senior United States District Judge for the District of Utah, sitting by designation.

## SUMMARY[**]

### Tax

The panel affirmed the Tax Court's decision assessing deficiencies and penalties arising from taxpayer's operation of a medical marijuana dispensary in San Francisco.

The panel affirmed the Tax Court's conclusion that 26 U.S.C. § 280E precluded taxpayer from deducting any amount of ordinary or necessary business expenses associated with operation of the Vapor Room dispensary because it is a "trade or business . . . consist[ing] of trafficking in controlled substances . . . prohibited by Federal law."

### COUNSEL

Henry G. Wykowski (argued), Henry G. Wykowski & Associates, San Francisco, California, for Petitioner-Appellant.

Kathryn Keneally, Assistant Attorney General, and Richard Farber (argued) and Patrick Urda, Attorneys, Tax Division, United States Department of Justice, Washington, D.C., for Respondent-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GRABER, Circuit Judge:

Petitioner Martin Olive appeals the Tax Court's decision assessing deficiencies and penalties for tax years 2004 and 2005, which arise from Petitioner's operation of the Vapor Room Herbal Center ("Vapor Room"), a medical marijuana dispensary in San Francisco. The Tax Court held, among other things, that 26 U.S.C. (I.R.C.) § 280E precluded Petitioner from deducting any amount of ordinary or necessary business expenses associated with operation of the Vapor Room because the Vapor Room is a "trade or business . . . consist[ing] of trafficking in controlled substances . . . prohibited by Federal law." I.R.C. § 280E. Reviewing that legal conclusion de novo, *DHL Corp. v. Comm'r*, 285 F.3d 1210, 1216 (9th Cir. 2002), we agree and, therefore, affirm the Tax Court's decision.

Established in 2004, the Vapor Room provides its patrons a place where they can socialize, purchase medical marijuana, and consume it using the Vapor Room's vaporizers.[1] The Vapor Room sells medical marijuana in three forms: dried marijuana leaves, edibles, and a concentrated version of THC. Customers who purchase marijuana at the Vapor Room pay varying costs, depending on the quantity and quality of the product and on the individual customer's ability to pay.

The Vapor Room is set up much like a community center, with couches, chairs, and tables located throughout the

---

[1] A "vaporizer" is an apparatus that extracts from marijuana its principal active component, tetrahydrocannabinol or "THC." Using a vaporizer allows the user to inhale vapor instead of smoke.

establishment. Games, books, and art supplies are available for patrons' general use. The Vapor Room also offers services such as yoga, movies, and massage therapy. Customers can drink complimentary tea or water during their visits, or they can eat complimentary snacks, including pizza and sandwiches. The Vapor Room offers these activities and amenities for free.

Each of the Vapor Room's staff members is permitted under California law to receive and consume medical marijuana. Petitioner purchases, for cash, the Vapor Room's inventory from licensed medical marijuana suppliers. Patrons who visit the Vapor Room can buy marijuana and use the vaporizers at no charge, or they can use the vaporizers (again, at no charge) with marijuana that they bought elsewhere. Sometimes, staff members or patrons sample Vapor Room inventory for free. When staff members interact with customers, occasionally one-on-one, they discuss illnesses; provide counseling on various personal, legal, or political matters related to medical marijuana; and educate patrons on how to use the vaporizers and consume medical marijuana responsibly. All these services are provided to patrons at no charge.

Petitioner filed business income tax returns for tax years 2004 and 2005, which reported the Vapor Room's net income during those years as $64,670 and $33,778, respectively. Although Petitioner reported $236,502 and $417,569 in Vapor Room business expenses for 2004 and 2005, the Tax Court concluded that § 280E of the Internal Revenue Code precluded Petitioner from deducting any of those expenses. Petitioner timely appeals.

The Internal Revenue Code provides that, for the purpose of computing taxable income, an individual's or a business's "gross income" includes "all income from whatever source derived," including "income derived from business." I.R.C. § 61(a)(2). The Code further allows a business to deduct from its gross income "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on [the] trade or business." *Id.* § 162(a). But there are exceptions to § 162(a). *See, e.g.*, *id.* §§ 261–280H (listing "Items Not Deductible"). One such exception applies when the "amount paid or incurred during the taxable year" is for the purpose of "carrying on any trade or business . . . consist[ing] of trafficking in controlled substances." *Id.* § 280E. Although the use and sale of medical marijuana are legal under California state law, *see* Cal. Health & Safety Code § 11362.5, the use and sale of marijuana remain prohibited under federal law, *see* 21 U.S.C. § 812(c).

We turn first to the text of I.R.C. § 280E. *See Blue Lake Rancheria v. United States*, 653 F.3d 1112, 1115 (9th Cir. 2011) (holding that statutory interpretation begins with the statute's text). To determine whether Petitioner may deduct the expenses associated with the Vapor Room, then, we must decide whether the Vapor Room is a "trade or business [that] consists of trafficking in controlled substances . . . prohibited by Federal law." We start with the phrase "trade or business."

The test for determining whether an activity constitutes a "trade or business" is "whether the activity 'was entered into with the dominant hope and intent of realizing a profit.'" *United States v. Am. Bar Endowment*, 477 U.S. 105, 110 n.1 (1986) (quoting *Brannen v. Comm'r*, 722 F.2d 695, 704 (11th Cir. 1984)); *see also Vorsheck v. Comm'r*, 933 F.2d 757, 758

(9th Cir. 1991) (per curiam) (applying the same standard to § 162(a) deductions). The parties agree, and the Tax Court found, that the *only* income-generating activity in which the Vapor Room engaged was its sale of medical marijuana. The other services that the Vapor Room offered—including, among other things, the provision of vaporizers, food and drink, yoga, games, movies, and counseling—were offered to its patrons at no cost to them. The only activity, then, that the Vapor Room "entered into with the dominant hope and intent of realizing a profit," *Am. Bar Endowment*, 477 U.S. at 110 n.1, was the sale of medical marijuana. Accordingly, Petitioner's "trade or business," for § 162(a) purposes, was limited to medical marijuana sales.

Given the limited scope of Petitioner's "trade or business," we conclude that the business "consist[ed] of trafficking in controlled substances . . . prohibited by Federal law." The income-generating activities in which the Vapor Room engaged consisted *solely* of trafficking in medical marijuana which, as noted, is prohibited under federal law. Under § 280E, then, the expenses that Petitioner incurred in the course of operating the Vapor Room cannot be deducted for federal tax purposes.

Petitioner's argument relies primarily on the phrase "consists of," rather than on the phrase "trade or business." According to Petitioner, the use of the words "consists of" is most appropriate "when a listing is meant to be exhaustive"; the word "consisting," he argues, is not synonymous with the word "including." Relying on that proposition, Petitioner contends that, for § 280E purposes, a business "consists of" a service only when that service is the *sole* service that the business provides. Because the Vapor Room provides caregiving services *and* sells medical marijuana, Petitioner

concludes that his business does not "consist of" either one alone and therefore does not fall within the ambit of § 280E.

To support that line of reasoning, Petitioner cites the Tax Court's decision in *Californians Helping to Alleviate Medical Problems, Inc. v. Commissioner* (*CHAMP*), 128 T.C. 173 (2007). His reliance on *CHAMP* is misplaced. In *CHAMP*, the petitioner's income-generating business included the provision not only of medical marijuana, but also of "extensive" counseling and caregiving services. *Id.* at 175. The Tax Court noted that the business's "primary purpose was to provide caregiving services to its members" and that its "secondary purpose was to provide its members with medical marijuana." *Id*. at 174. The court found, after considering the "degree of economic interrelationship between the two undertakings," that the petitioner was involved in "more than one trade or business." *Id.* at 183. That is not the case here. Petitioner does not provide counseling, caregiving, snacks, and so forth for a separate fee; the only "business" in which he engages is selling medical marijuana.

An analogy may help to illustrate the difference between the Vapor Room and the business at issue in *CHAMP*. Bookstore A sells books. It also provides some complimentary amenities: Patrons can sit in comfortable seating areas while considering whether to buy a book; they can drink coffee or tea and eat cookies, all of which the bookstore offers at no charge; they can obtain advice from the staff about new authors, book clubs, community events, and the like; they can bring their children to a weekend story time or an after-school reading circle. The "trade or business" of Bookstore A "consists of" selling books. Its many amenities do not alter that conclusion; presumably, the owner hopes to

attract buyers of books by creating an alluring atmosphere. By contrast, Bookstore B sells books but also sells coffee and pastries, which customers can consume in a cafe-like seating area. Bookstore B has two "trade[s] or business[es]," one of which "consists of" selling books and the other of which "consists of" selling food and beverages.

Petitioner's arguments related to congressional intent and public policy are similarly unavailing. He contends that I.R.C. § 280E should not be construed to apply to medical marijuana dispensaries because those dispensaries did not exist when Congress enacted § 280E. Congress added that provision, he maintains, to prevent street dealers from taking a deduction. According to Petitioner, Congress could not have intended for medical marijuana dispensaries, now legal in many states, to fall within the ambit of "items not deductible" under the Internal Revenue Code. We are not persuaded.

That Congress might not have imagined what some states would do in future years has no bearing on our analysis. It is common for statutes to apply to new situations. And here, application of the statute is clear. *See Chamber of Commerce of U.S. v. Whiting*, 131 S. Ct. 1968, 1980 (2011) (stating that "Congress's authoritative statement is the statutory text" (internal quotation marks omitted)). Application of the statute does not depend on the illegality of marijuana sales under state law; the only question Congress allows us to ask is whether marijuana is a controlled substance "prohibited by Federal law." I.R.C. § 280E. If Congress now thinks that the policy embodied in § 280E is unwise as applied to medical marijuana sold in conformance with state law, it can change the statute. We may not.

Finally, for three reasons, we are not persuaded by Petitioner's argument that section 538 of the Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, 128 Stat. 2130, precludes the government from continuing to defend Petitioner's appeal. First, statements by a later Congress do not inform us about the intent of a previous Congress. *See Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 840 (1988) ("The views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one." (internal quotation marks and brackets omitted)). Second, a decision not to expend funds to enforce a particular statute says nothing about the meaning of that statute. "What one house of Congress thinks, in the 2010s, about enforcement priorities for the agency is entirely uninformative about the intent of Congress when it enacted a statute in [an earlier year]." *Navarro v. Encino Motorcars, LLC*, 780 F.3d 1267, 1277 n.5 (9th Cir. 2015). Third, section 538 does not apply. It provides that certain funds may not be used to prevent states, such as California, "from implementing their own State laws that *authorize* the use, distribution, possession, or cultivation of medical marijuana." Pub. L. No. 113-235, § 538 (emphasis added). Here, the government is enforcing only a tax, which does not prevent people from using, distributing, possessing, or cultivating marijuana in California. Enforcing these laws might make it more costly to run a dispensary, but it does not change whether these activities are *authorized* in the state.

In summary, the Tax Court properly concluded that I.R.C. § 280E precludes Petitioner from deducting, pursuant to I.R.C. § 162(a), the ordinary and necessary business expenses

associated with his operation of the Vapor Room.   We
therefore affirm the Tax Court's decision.

**AFFIRMED.**