T.C. Memo. 2016-57

UNITED STATES TAX COURT

CARLOS A. ARIZAGA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25675-14.                          Filed March 28, 2016.

Carlos A. Arizaga, pro se.

<u>Lori A. Amadei</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2008, the Internal Revenue Service (IRS or respondent) determined a tax deficiency of $9,608, a late-filing addition to tax of $2,402 under section 6651(a)(1), and an

[*2] accuracy-related penalty of $1,922 under section 6662(a).[1]  After concessions, the principal issue for decision is whether petitioner is entitled to business-expense deductions in excess of the amounts allowed by respondent.  We hold that he is entitled to a portion of the disputed deductions, but we will sustain an addition to tax and penalty in amounts to be determined.

## FINDINGS OF FACT

The parties submitted before trial a partial stipulation of settled issues and a stipulation of facts.  We incorporate the stipulation of settled issues, the stipulation of facts, and the related exhibits by this reference.  Petitioner resided in California when he filed his timely petition with this Court.

During 2008 petitioner operated two distinct businesses as sole proprietorships.  The first, Number One Income Tax, engaged in preparation of income tax returns for Latino customers.  The second, El Papapollo Restaurant, was a Peruvian restaurant.  Petitioner operated these two businesses in separate spaces in the same strip mall.  The principal issues in dispute involve the deductions he claimed in connection with the restaurant.

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), as amended and in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[*3]   Petitioner started the restaurant business on January 1, 2008.  He originally planned that it would be a chicken rotisserie, but that would have required that he purchase a very expensive new oven.  So he changed gears and focused on the cuisine of Peru, the country in which he was born and attended university.

Petitioner had a full-time job with his tax-return-preparation business, and he could devote only a few hours a day to the restaurant.  He hired Jose Kanashiro as a part-time chef and also hired a dishwasher and at least one waitress; he paid all of them in cash.  His then-girlfriend kept the books and did some manual work in the restaurant; she later left him and took some of the business records with her. The restaurant failed and closed in 2009 or 2010.

On May 23, 2012, petitioner filed late his Federal income tax return for 2008.  One week later he filed an amended return, which the IRS processed as his return.  This return included two Schedules C, Profit or Loss From Business.  Petitioner reported his income and expenses from El Papapollo Restaurant on Schedule C-2.  He testified that he prepared this schedule using the dollar amounts that his ex-girlfriend, in her capacity as El Papapollo's bookkeeper, had furnished him.

On this Schedule C-2 petitioner reported gross receipts from customers of $21,280.  He reported no "cost of goods sold" on line 4; thus, his reported gross profit was exactly equal to his gross receipts.  On line 22 he reported "supplies" of

[*4] $9,258; the IRS disallowed this deduction in its entirety for lack of substantiation. Petitioner provided no documentation at trial to substantiate this deduction, explaining that his ex-girlfriend had absconded with most of the restaurant's records. He credibly testified, however, that these "supplies" included the food and other items that should have gone into his cost of goods sold.

Petitioner reported no "wages" on line 26 of the Schedule C-2. Instead, he claimed a deduction of $5,620 for "contract labor"; the IRS disallowed this deduction in its entirety for lack of substantiation. Petitioner provided no documentation at trial to substantiate this deduction. He credibly testified, however, that this represented the cash compensation he had paid his cook, his dishwasher, and his waitress.

On line 8 of the Schedule C-2, petitioner claimed a deduction of $2,880 for advertising; the IRS disallowed this deduction in its entirety for lack of substantiation. The only relevant evidence that petitioner submitted at trial was a copy of a full-page advertisement from the local Spanish-language newspaper featuring a photograph of petitioner, his then-girlfriend, and Jose Kanashiro urging people to dine at El Papapollo. Petitioner testified that this ad ran monthly for at least part of 2008 and cost up to $100 per month.

**[*5]** The IRS allowed in connection with the restaurant petitioner's claimed deductions for utilities, telephone, alarm system, repairs, and office expenses. Respondent initially disallowed petitioner's claimed deduction of $23,580 for rent, but before trial conceded this deduction in full when petitioner produced the lease. Respondent initially disallowed petitioner's claimed deduction of $1,519 for taxes and license fees but conceded all but $191 of this deduction before trial. The parties have also stipulated that petitioner for 2008 is entitled to a standard deduction of $5,450 and a personal exemption of $3,500.

OPINION

I.    Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer must establish his entitlement to deductions allowed by the Code and substantiate the amounts of claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact. See sec. 7491(a)(1).

[*6] II.     Expense Deductions

Taxpayers must maintain sufficient records to establish their claimed deductions, retain these records for as long as the contents may become material, and keep these records available for inspection. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In certain circumstances, the Court may approximate the amount of an expense if the taxpayer proves it was incurred but cannot substantiate the exact amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). But the taxpayer must provide some basis for such an estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). The failure to keep and produce appropriate records counts heavily against a taxpayer's attempted proof. Rogers v. Commissioner, T.C. Memo. 2014-141, at *17. None of the deductions at issue is subject to the heightened substantiation requirements of section 274(d).

Respondent concedes that petitioner conducted a restaurant business during 2008 and has allowed as deductions most of the expenses that petitioner incurred. In operating his restaurant petitioner necessarily incurred labor costs for his cook, his dishwasher, and a waitress, as well as cost of goods sold for the food he served. In the absence of adequate documentation we will estimate these expenses under the Cohan rule, bearing heavily against petitioner because of his failure to maintain adequate records. See Cohan, 39 F.2d at 544; Williams v. United States,

[*7] 245 F.2d 559, 560 (5th Cir. 1957) (noting that trial courts have "considerable latitude in making estimates of amounts probably spent in the light of accepted practice amongst law-abiding businessmen of moral standing considering the nature and kind of records which might reasonably be kept for such expenditures").

We conclude that respondent properly disallowed petitioner's claimed deductions of $9,258 for supplies and $5,620 for contract labor and find that no deduction should be allowed in either of those categories. However, upon careful review of the entire record and our evaluation of petitioner's credibility, we conclude that he is entitled to a deduction of $6,000 for cost of goods sold and a deduction of $4,000 for wages for 2008 in connection with his restaurant. See Musa v. Commissioner, T.C. Memo. 2015-58, at *44 (applying Cohan rule and allowing compensation deduction on the basis of credible testimony from restaurant owner's workers); Heinbockel v. Commissioner, T.C. Memo. 2013-125, at *67-*68 (applying Cohan rule and allowing deduction for cost of goods sold equal to 50% of gross receipts).

In support of his claimed deduction of $2,880 for advertising expenses, petitioner introduced a copy of a full-page ad that ran monthly in the local Spanish-language newspaper. He produced no evidence of what he paid for this ad but

[*8] testified that it ran for most of the year and cost up to $100 per month. Upon review of this advertisement and our evaluation of petitioner's credibility, we conclude that he is entitled to a deduction of $500 for advertising for 2008 in connection with his restaurant. See Rodriguez v. Commissioner, T.C. Memo. 2009-22, 97 T.C.M. (CCH) 1090, 1093 (applying Cohan rule and allowing deduction for advertising expenses on the basis of credible testimony).

Respondent allowed all but $191 of petitioner's claimed deduction of $1,519 for taxes and license fees. In an effort to substantiate the balance of the claimed deduction, petitioner produced evidence that he had paid $144 for a business permit in November 2007. Because petitioner is a cash-basis taxpayer and paid this fee in 2007, it is not a deductible expense for 2008. We accordingly sustain respondent's disallowance of the balance of this deduction.

III.  Addition to Tax and Penalty

A.  Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax of 5% of the tax required to be shown on a return for each month, or a fraction thereof, for which there is a failure to file the return, not to exceed 25% in the aggregate. Petitioner did not file his 2008 Federal income tax return, due for filing on April 15, 2009, until May 23, 2012. He produced no evidence that this three-year delay in filing was "due to

**[\*9]** reasonable cause and not due to willful neglect." <u>See</u> sec. 6651(a)(1). We will accordingly sustain an addition to tax (in an amount to be determined) for failure to file timely his 2008 return.

B.   <u>Section 6662(a)</u>

Section 6662 imposes a 20% penalty upon the portion of any underpayment attributable to (among other things) negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the tax laws, and "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.; <u>see</u> <u>Olive v. Commissioner</u>, 139 T.C. 19, 43 (2012), <u>aff'd</u>, 792 F.3d 1146 (9th Cir. 2015).

With respect to an individual taxpayer's liability for a penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that imposition of a penalty is appropriate. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving that the Commissioner's determination is incorrect. <u>Ibid.</u>; <u>see</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. at 115. We find that respon-

**[*10]** dent has discharged his burden of production by showing that petitioner failed to keep adequate records. See sec. 1.6662-3(b)(1), Income Tax Regs.

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment. The decision as to whether the taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Circumstances that may signal reasonable cause and good faith "include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Ibid.

Petitioner's primary occupation was preparing Federal income tax returns for customers of his Schedule C-1 business. He had considerable experience preparing tax returns, knew that entries on a return must be properly substantiated, and knew that records must be kept to document those entries. Although he may have honored these principles when representing others, he was clearly negligent

**[*11]** when preparing and filing his own return for 2008. We will accordingly sustain an accuracy-related penalty (in an amount to be determined).[2]

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[2]On his 2008 return petitioner claimed a standard deduction of $5,450 and one personal exemption of $3,500. Because of a transcription error, the IRS mistakenly reduced these two amounts in the notice of deficiency. Respondent conceded these issues before trial, stipulating that petitioner is entitled to a standard deduction of $5,450 and one personal exemption of $3,500. Needless to say, petitioner is not liable for any penalty on account of this error by the IRS.