T.C. Memo. 2017-211

UNITED STATES TAX COURT

NEIL FEINBERG AND ANDREA E. FEINBERG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

KELLIE MCDONALD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 10083-13, 10084-13.          Filed October 23, 2017.

James D. Thorburn and Richard A. Walker, for petitioners.

Luke D. Ortner, Matthew A. Houtsma, and Michael W. Lloyd, for

respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: Petitioners in these consolidated cases are Neil

Feinberg (N. Feinberg) and Andrea E. Feinberg (together, Feinbergs), and Kellie

[*2] McDonald (K. McDonald). For K. McDonald respondent determined deficiencies of $13,369, $63,641, and $12,262 for tax years 2009-11, respectively. For the Feinbergs respondent determined deficiencies of $47,203 and $35,809 for 2010 and 2011, respectively. Most of the deficiencies are attributable to income adjustments for Total Health Concepts, LLC (THC).

After concessions the issues for consideration are whether petitioners have substantiated that they should be allowed costs of goods sold (COGS) greater than those allowed in respondent's examination report for THC and whether respondent properly disallowed business expense deductions pursuant to section 280E. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Colorado when they timely filed their petitions.

THC's Business Activity

THC was a limited liability company organized under the laws of the State of Colorado. Articles of organization for THC were filed with the Colorado

[*3] secretary of state on October 12, 2009. K. McDonald was a shareholder of THC for tax years 2009-11. N. Feinberg was a shareholder for tax years 2010-11.

The State of Colorado licensed THC to grow and sell medical marijuana, and THC's operating agreement stated that its purpose was to "promote the cultivation and sale of medical marijuana products." Its business operations began in December 2009. During the tax years in issue it held licenses to operate at least two medical marijuana dispensaries. THC leased a separate warehouse facility, for which it held a license to operate a cultivation premises.

Tax Reporting

For the tax years in issue THC elected to be treated as an S corporation for Federal income tax purposes and filed Forms 1120S, U.S. Income Tax Return for an S Corporation. It reported ordinary business losses of $105,478, $295,321, and $54,231 for tax years 2009-11, respectively. Each year THC calculated its total income by subtracting COGS from gross receipts.

THC claimed deductions from total income for ordinary and necessary business expenses (below-the-line deductions). It claimed below-the-line deductions for salaries and wages, repairs and maintenance, rents, depreciation, advertising, and "other deductions", which it detailed on attached statements. It

**[\*4]** claimed total below-the-line deductions for business expenses of $110,405, $687,093, and $498,723 for the tax years in issue, respectively.

Petitioners did not receive any compensation from THC. They reported passthrough losses from THC on Schedules E, Part II, Income or Loss From Partnerships and S Corporations, attached to their respective income tax returns. The Feinbergs filed joint income tax returns for 2010-11.

Respondent's Determination

On December 6, 2012, respondent issued THC an examination report for its tax returns for the tax years in issue. The examination report proposed adjustments to taxable income based on respondent's determination that section 280E applied to THC. The report also made adjustments to COGS.

Respondent reclassified as COGS a number of THC's expenses that were claimed originally as below-the-line deductions. For both 2010 and 2011 respondent's net adjustments allowed greater COGS than THC had actually claimed on its original returns. However, respondent disallowed deductions for all other business expenses not reclassified as COGS. The adjustments increased THC's taxable income for the tax years in issue by $104,051, $630,835, and $375,442, respectively.

**[\*5]**  On February 6, 2013, respondent issued K. McDonald and the Feinbergs

notices of deficiency that reflected the adjustments determined for THC.  The

notices of deficiency reflected K. McDonald's shares from THC as $52,025,

$157,708, and $93,861 for tax years 2009-11, respectively, and N. Feinberg's

shares as $223,946 and $114,030 for 2010 and 2011, respectively.

OPINION

I.    Burden of Proof

Generally, the taxpayer bears the burden of proving that the Commissioner's

determinations set forth in the notice of deficiency are erroneous.  Rule 142(a);

Welch v. Helvering, 290 U.S. 111, 115 (1933).  The taxpayer likewise bears the

burden of proving his or her entitlement to deductions and of substantiating the

amounts of items underlying claimed deductions.  INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.  At a

minimum petitioners must produce business records or other evidence

substantiating the amounts and the purpose of the deductions that they assert

respondent improperly disallowed.  Higbee v. Commissioner, 116 T.C. 438, 440

(2001).  Under section 7491(a) in certain circumstances the burden of proof may

shift from the taxpayer to the Commissioner.  Petitioners have not claimed or

**[*6]** shown that they meet the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

## II. Evidentiary Issues

During the trial petitioners produced no contemporaneous records or any other business records pertaining to THC's operations. Instead they rely exclusively on an expert report.

In accordance with the Court's standing pretrial order and Rule 143(g), petitioners exchanged and submitted the expert report of Jim Marty, C.P.A., whom they contend is an expert in cost accounting, with an emphasis in the marijuana industry. In his report Marty opines on COGS for medical marijuana businesses in Colorado during the tax years in issue. Petitioners contend that the report establishes that the COGS respondent allowed THC for the tax years in issue were incorrect.

Before trial respondent filed a motion in limine, asserting that the Marty report should be excluded on the following grounds:

> (1) Admitting the report is improper where petitioners have refused to comply with any discovery requests; (2) the report is an attempt to usurp the Court's own role insofar as it attempts to substitute Mr. Marty's legal conclusions and unsupported factual assertions for the Court's role in applying the law to the facts of this case; and (3) the report's factual conclusions are not reliable.

**[\*7]** At the trial the Court deferred ruling on respondent's motion in limine because of the substantial effect on the case of eliminating petitioners' primary evidence. The Marty report was marked, and the related testimony of petitioners' expert was heard solely as an offer of proof. Whether the report and testimony will be received in evidence and considered in determining THC's COGS for tax years 2009-11 depends on application of principles expressed in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993), and rule 702 of the Federal Rules of Evidence.

Respondent contends the Marty report reaches a number of speculative conclusions regarding the amount of allowable COGS based wholly on his "unscientific, unprincipled opinion". Respondent further contends that there is no analysis or reliable data for figures in the report. Petitioners contend that <u>Daubert</u> does not apply to a bench trial.

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

**[*8]** (b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

In Daubert, 509 U.S. at 592, the Supreme Court stressed the trial court's role as a "gatekeeper" in excluding at the outset evidence that is unreliable or irrelevant. The trial judge must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-593. The reliability and relevancy standards are embodied in rule 702 of the Federal Rules of Evidence, and they apply equally to expert testimony that is not "scientific". Kumho Tire Co. v. Carmichael, 526 U.S. 137, 148 (1999). Although special considerations apply to jury trials, the Daubert analysis applies to bench trials as well as jury trials. Boltar, L.L.C. v. Commissioner, 136 T.C. 326, 334 (2011) (citing Att'y Gen. of Okla. v. Tyson Foods, Inc., 565 F.3d 769, 779 (10th Cir. 2009)).

The Marty report is brief and summary, and its content is unreliable. Multiple statements in the report refer to no underlying source of information. For other statements that do cite an underlying source, Marty has failed to include the

[*9] information or data on which he relied. In many instances the report does not reference or provide sufficient information or data for us to conclude that the opinions expressed are based on anything other than his own conjecture.

The report states that during the tax years in issue the average wholesale purchase price for medical marijuana remained between $2,000 and $3,000 per pound. The report later posits an average purchase price of $2,500 per pound and reconstructs an income and expense schedule for THC "assuming" that COGS equaled 55% of gross sales. The report does not explain how or on what basis Marty determined these sales figures, and the exhibits do not include any sales records or other documents that would support them. The report asserts that tax returns Marty's firm prepared show that "actual" COGS for medical marijuana businesses during the tax years in issue was between 66% and 100% (or more) of gross sales.

The conclusions in the Marty report are an attempt to present reconstructed income tax returns as evidence of petitioners' correct tax liabilities. The report is not based on personal knowledge of THC's business. To determine the correct COGS for THC, substantiation of THC's expenses is necessary. A reconstructed income tax return based on industry averages does not take the place of substantiation and does not help determine a fact in issue.

[*10] By relying on returns that Marty and his firm prepared for other businesses, the Marty report provides the Court with legal conclusions as to which types of expenses may be treated as COGS. Expert testimony about what the law is or that directs the finder of fact on how to apply the law does not assist the trier of fact. Stobie Creek Invs., LLC v. United States, 81 Fed. Cl. 358, 364 (2008). Expert opinions on law are inadmissable. Fed. R. Evid. 702(a); see Hosp. Corp. of Am. v. Commissioner, 109 T.C. 21, 59 (1997).

For the reasons stated above, we conclude that the Marty report is not admissible under rule 702 of the Federal Rules of Evidence because is it is not helpful in understanding evidence or in determining a fact and it includes legal conclusions.

During the trial respondent offered Exhibits 32-R and 34-R through 39-R. All were offered in relation to the Marty report, and the ruling on these exhibits was reserved. These exhibits are not admitted because the Marty report was excluded.

III. Cost of Goods Sold

A taxpayer engaged in manufacturing or merchandising can subtract COGS from gross receipts to arrive at gross income. See secs. 1.61-3(a), 1.162-1(a), Income Tax Regs.; see also Rodriguez v. Commissioner, T.C. Memo. 2009-

[*11] 22, slip op. at 6. COGS is not a deduction but an offset to income for the purpose of calculating gross income and is subtracted from gross income to arrive at taxable income. See Kazhukauskas v. Commissioner, T.C. Memo. 2012-191, slip op. at 24; Rodriguez v. Commissioner, slip op. at 6-7.

Petitioners must show that they are entitled to COGS for THC above and beyond those respondent allowed. See Kazhukauskas v. Commissioner, slip op. at 24. The substantiation rules require a taxpayer to maintain sufficient reliable records to allow the Commissioner to verify the taxpayer's income and expenditures. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.; see also Olive v. Commissioner, 139 T.C 19, 32 (2012), aff'd, 792 F.3d 1146 (9th Cir. 2015).

COGS is determined under section 471 and the accompanying regulations. See secs. 1.471-3(c), 1.471-11(c), Income Tax Regs. Petitioners contend we should allow the COGS in THC's income tax returns under the Cohan rule. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Petitioners further contend that they should be able to subtract an amount for COGS based on industry standards for the medical marijuana industry during the tax years in issue. Respondent allowed COGS that were substantiated and also recharacterized below-the-line expenses as COGS to the extent allowable under section 471.

[*12] Petitioners produced no evidence to substantiate COGS higher than those which respondent allowed.

The Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d at 543-544; Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See, e.g., Van Dusen v. Commissioner, 136 T.C. 515, 537 n.39 (2011). The Cohan rule also applies to COGS. See Goldsmith v. Commissioner, 31 T.C. 56, 62 (1958).

In Cohan v. Commissioner, 39 F.2d at 544, the Court of Appeals for the Second Circuit held that this Court should in some cases make "as close an approximation as it can" with respect to a taxpayer's deductible expenses, "bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." The Court of Appeals for the Second Circuit stated that "to allow nothing at all appears to us inconsistent with saying that something was spent." Id.

During the tax years in issue THC held licenses for selling medical marijuana in Colorado. We will proceed as if THC was in the business of selling

**[\*13]** medical marijuana.  However, there is not enough evidence in the record to make a finding of fact that THC sold medical marijuana.

Respondent did allow for some COGS.  Under the <u>Cohan</u> rule there must be sufficient evidence in the record to provide a basis upon which an estimate can be made.  <u>Vanicek v. Commissioner</u>, 85 T.C. at 742-743.  There is no evidence to support higher COGS for THC.  We sustain respondent's allowances for COGS.

## IV.    Business Expenses

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to deductions.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. at 84; <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Section 162(a) permits a taxpayer to deduct ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business.  Section 261 provides that "no deduction shall in any case be allowed in respect of items specified in this part." "[I]tems in this part" refers to part IX of subchapter B of chapter 1, entitled "Items Not Deductible", and this includes section 280E, "Expenditures in Connection With the Illegal Sale of Drugs".  <u>See</u> <u>Californians Helping to Alleviate Med. Problems, Inc. v. Commissioner</u>, 128 T.C. 173, 180 (2007).  Section 280E provides:

**[*14]** No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substance Act) which is prohibited by Federal law or the law of any state in which such trade or business is conducted.

We do not need to address whether section 280E applies because petitioners have failed to substantiate any expenses for which respondent disallowed deductions. Petitioners did not produce any business records or any other supporting documents. They have not met their burden of proving respondent's determinations in the notices of deficiency are incorrect. Respondent's determinations will be sustained.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.