T.C. Memo. 2018-143

UNITED STATES TAX COURT

ANDREW MITCHELL BERRY AND SARA BERRY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

RONALD GENE BERRY AND LINDA KATHRYN BERRY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9707-15, 14090-15.  Filed September 4, 2018.

Andrew Mitchell Berry and Sara Berry, pro se in docket No. 9707-15.

Ronald Gene Berry and Linda Kathryn Berry, pro se in docket No.

14090-15.

<u>Steven Mitchell Roth</u> and <u>Kris H. An</u>, for respondent.

**[*2]**     MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  In these consolidated cases, respondent issued Ronald and Linda Berry (Ronald and Linda) and Andrew and Sara Berry (Andrew and Sara) (collectively, petitioners) notices of deficiency for tax year 2011. Respondent determined a $122,963 deficiency and a $24,592 section 6662(a) accuracy-related penalty for Ronald and Linda.  Respondent determined a $193,478 deficiency and a $38,695 section 6662(a) accuracy-related penalty for Andrew and Sara.

After concessions by both parties the issues for our consideration are: (1) whether petitioners' S corporation, Phoenix Construction and Remodeling, Inc. (Phoenix), overreported its gross receipts by $60,000, (2) whether Phoenix has additional cost of goods sold, (3) whether petitioners are entitled to flowthrough deductions for additional car and truck expenses of Phoenix of $26,641, (4) whether Andrew and Sara are entitled to a deduction of $16,789 for car and truck expenses reported on Schedule C, Profit or Loss From Business, (5) whether Andrew and Sara are entitled to a Schedule C deduction for business use of the

**[*3]** home of $976, (6) and whether petitioners are liable for accuracy-related penalties under section 6662(a).[1]

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. Petitioners resided in California when they timely filed their petitions.

Phoenix

In 2011 Ronald and Andrew owned and operated Phoenix, an S corporation. Phoenix built and remodeled homes in San Luis Obispo County, California (San Luis Obispo).

Gary Luttrell was a fractional investor in construction homes in San Luis Obispo. Mr. Luttrell held a partial interest in unfinished homes, and he would often sell parts of the unfinished homes. On October 11, 2011, Mr. Luttrell died. His death certificate listed his occupation as a psychiatric technician.

_____

[1]Respondent contends that petitioners are not entitled to deduct $249,370 of Phoenix's expenses for 2011. Petitioners contest only some of these disallowed expenses.

**[*4]**    During 2011 Phoenix had one bank account with Bank of America and two bank accounts with Wells Fargo Bank.  It used QuickBooks software to keep track of its records.

On or about April 13, 2012, Phoenix filed a Form 1120S, U.S. Income Tax Return for an S Corporation, for 2011.  Both couples claimed 50% of Phoenix's flowthrough profits and losses on their respective Schedules E, Supplemental Income and Loss, for 2011.  H&R Block prepared Phoenix's tax return as well as petitioners' respective Forms 1040, U.S. Individual Income Tax Return, for 2011. Respondent examined Phoenix's tax return for 2011, and petitioners' notices of deficiency included adjustments pursuant to the examination of Phoenix.  On January 28, 2015, the revenue agent's acting supervisor executed a Civil Penalty Approval Form which stated that accuracy-related penalties would be imposed on Phoenix's shareholders.

After the notices of deficiency were issued, petitioners provided respondent with additional information regarding Phoenix's expenses.  Following review respondent allowed deductions of $1,144,138 and disallowed deductions of $249,370.

[*5] <u>Ronald and Linda</u>

Ronald and Linda timely and jointly filed their Form 1040 for 2011. On their Schedule E they reported income of $39,990. On January 28, 2015, the revenue agent's acting supervisor executed a Civil Penalty Approval Form approving the penalty determined in the notice of deficiency issued on February 27, 2015.

<u>Andrew and Sara</u>

Andrew and Sara timely and jointly filed their Form 1040 for 2011. During 2011 Andrew had a bank account with Bank of America. Andrew and Sara reported car and truck expenses of $12,515 on their Schedule C and respondent disallowed any deduction for these expenses. The Schedule C was for a business, Sales Sales. They reported income of $39,990 on their Schedule E. On January 28, 2015, the revenue agent's acting supervisor executed a Civil Penalty Approval Form approving the penalty determined in the notice of deficiency issued on February 27, 2015.

OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111,

**[*6]** 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have not claimed or shown that they have met the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Generally, an S corporation shareholder determines his or her tax liability by taking into account a pro rata share of the S corporation's income, losses, deductions, and credits. Sec. 1366(a)(1). Where a notice of deficiency includes adjustments for S corporation items with other items unrelated to the S corporation, we have jurisdiction to determine the correctness of all adjustments. See Winter v. Commissioner, 135 T.C. 238 (2010).

Section 162 permits taxpayers to deduct all ordinary and necessary business expenses paid or incurred during the taxable year. A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001;

[*7] <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976).

Gross Receipts

Petitioners contend that $60,000 of Phoenix's gross receipts in 2011 were included mistakenly. They contend that cash deposits of $50,000 and $10,000, made on August 5 and December 19, 2011, respectively, were a loan from Linda's father, James Cummings. Money received pursuant to a loan is not included in gross income because there is an obligation to repay. <u>See</u> <u>Commissioner v. Tufts</u>, 461 U.S. 300, 307 (1983). A bona fide loan requires both parties to have an actual, good-faith intent to establish a debtor-creditor relationship when the funds are advanced. <u>Fisher v. Commissioner</u>, 54 T.C. 905, 909-910 (1970).

Petitioners did not substantiate that there was a loan from Mr. Cummings. The only evidence they produced was a purported promissory note for $48,000. Petitioners did not sign the purported promissory note, and it was not dated. Mr. Cummings did not testify, and there was no evidence of repayment. We conclude there was no debtor-creditor relationship. Accordingly, we sustain respondent's determination that Phoenix's gross receipts were not overreported.

**[\*8]** <u>Cost of Goods Sold</u>

"Cost of goods sold" is an offset subtracted from gross receipts in determining gross income, sec. 1.61-3(a), Income Tax Regs., and is not a "deduction", <u>see</u> <u>Metra Chem Corp. v. Commissioner</u>, 88 T.C. 654, 661 (1987). Any amount claimed as cost of goods sold must be substantiated, and taxpayers are required to maintain records sufficient for this purpose. Sec. 6001; <u>Nunn v. Commissioner</u>, T.C. Memo. 2002-250, slip op. at 16; sec. 1.6001-1(a), Income Tax Regs.

Petitioners contend that Ronald purchased construction materials from Mr. Luttrell and that Phoenix should be allowed $33,040 of cost of goods sold. Petitioners produced purported invoices for these purchases. Some of these purported invoices included dates and purported signatures of Mr. Luttrell. Others had no date and no signature. One of the invoices that had Mr. Luttrell's purported signature was dated after his death. The purported invoices total $25,450, which is less than $33,040. Petitioners did not substantiate that these purchases were made from Mr. Luttrell.

Petitioners also contend that Phoenix is entitled to an additional $8,375 of cost of goods sold. They contend $6,000 was for the purchase of concrete made by Victor Sanchez on behalf of petitioners and that their QuickBooks records

[*9] show payments to Mr. Sanchez. They contend the remaining $2,375 was for the purchase of building materials at Home Depot. Petitioners contend that there was an error in their QuickBooks records and an amount labeled Sherwin Williams should have been labeled Home Depot. They provided no additional evidence regarding these materials. Petitioners did not substantiate adequately these additional costs of goods sold. See, e.g., Olive v. Commissioner, 139 T.C. 19, 32-33 (2012) (finding that the general ledgers alone did not suffice to substantiate the taxpayer's cost of goods sold), aff'd, 792 F.3d 1146 (9th Cir. 2015).

The Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See, e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764 (8th Cir. 1995), aff'g T.C. Memo. 1993-197. This Court has applied the Cohan rule or similar principles to estimate a taxpayer's basis in property and cost of goods sold. See Wheeler v. Commissioner, T.C. Memo. 2014-204, at *7. The taxpayer must provide a reasonable evidentiary basis for the

**[\*10]** estimate.  Id.  Evaluating petitioners' testimony and the other evidence, we conclude no adjustments should be made to cost of goods sold.

Phoenix's  Car and Truck Expenses

Certain expenses specified in section 274(d) are subject to strict substantiation rules. No deductions under section 162 shall be allowed for "listed property", as defined in section 280F(d)(4), "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement".  Sec. 274(d)(4).  Listed property includes passenger automobiles and other property used for transportation.  Sec. 280F(d)(4)(A)(i) and (ii).

To meet the heightened substantiation requirements, a taxpayer must substantiate the amount, time of use, and business purpose of the expense.  Sec. 274(d); see also sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  To substantiate by adequate records, the taxpayer must provide an account book, a log, or a similar record, as well as documentary evidence, which are together sufficient to establish each element of an expenditure.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Documentary evidence includes receipts, paid bills, or similar evidence.  Sec. 1.274-5(c)(2)(iii), Income Tax Regs.  To substantiate by sufficient evidence corroborating the taxpayer's own statement, the taxpayer must

**[\*11]** establish each element by the taxpayer's statement and by direct evidence, such as documentary evidence.  Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Notably, section 274(d) overrides the Cohan rule.  Boyd v. Commissioner, 122 T.C. 305, 320 (2004); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985) (flush language) (noting that section 274 supersedes the Cohan rule).  Therefore, this Court is precluded from estimating any expenses that are covered by section 274(d).

Petitioners contend that Phoenix is entitled to a deduction of $26,641 for the use of a passenger vehicle.  They did not provide a log pertaining to the use of the passenger vehicle or other evidence showing the business use of the vehicle.  Petitioners did not meet the requirements of section 274(d) and therefore are not entitled to deduct car and truck expenses of $26,641.

Andrew's Car and Truck Expenses

Andrew contends that he and Sara are entitled to a deduction for car and truck expenses of $12,525.  In support of these expenses he provided his 2011 bank statement, on which he circled some of the entries and labeled them as "fuel" or "truck".  He provided no evidence to show that these were business expenses or

**[*12]** any evidence to meet the requirements of section 274(d). Accordingly, respondent's disallowance of deductions for these expenses is sustained.

## Andrew's Home Office Deduction

Andrew contends that he and Sara are entitled to a deduction for previously unclaimed expenses for a home office. No deduction is allowed with respect to a home office unless "allocable to a portion of the dwelling unit which is exclusively used on a regular basis" as the taxpayer's principal place of business. Sec. 280A(a), (c)(1). Andrew did not provide any evidence to show that a portion of his residence was exclusively used for business or how he calculated that a portion of his residence was used for business. See Sam Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1557 (1987). Andrew and Sara are not entitled to a deduction for the business use of their home.

## Accuracy-Related Penalty

Respondent determined that for 2011 petitioners are liable for accuracy-related penalties pursuant to section 6662(a). Respondent contends that petitioners are liable for the accuracy-related penalties on alternative grounds: (1) the underpayments are attributable to negligence or disregard of rules or regulations within the meaning of section 6662(b)(1) or (2) there were substantial understatements of income tax within the meaning of section 6662(b)(2). Only

**[\*13]** one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on more than one of the grounds set out in section 6662(b). Sec. 1.6662-2(c), Income Tax Regs.

The Commissioner bears the burden of production with respect to an individual taxpayer's liability for penalties. Sec. 7491(c). Once the Commissioner meets this burden, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Section 6751(b)(1) provides that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate." In Graev v. Commissioner, 149 T.C. __ (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016), we held that the Commissioner's burden of production under section 7491(c) includes establishing compliance with the supervisory approval requirement of section 6751(b).

Respondent provided a Civil Penalty Approval Form meeting the requirements of section 6751(b). Respondent has satisfied the burden of

**[\*14]** production with respect to the penalty in each notice of deficiency, and the burden of proof remains with petitioners to show that the penalties are inappropriate. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934 (1985); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by the taxpayer to keep adequate books and records to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioners failed to keep adequate records to substantiate the expenses of Phoenix. For example, they did not keep records that met the requirements of section 274(d). Respondent sufficiently carried the burden of production with respect to the section 6662(a) and (b)(1) penalties for negligence.

The section 6662(a) penalty may not be imposed with respect to any portion of an underpayment of tax for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). Regulations promulgated under section 6664(c) provide that the determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and

**[\*15]** circumstances." Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioners did not show reasonable cause for failing to keep adequate books and records in order to substantiate items properly. H&R Block prepared their tax returns. No evidence was produced regarding the information given to the tax return preparer. We hold that petitioners are liable for the section 6662(a) and (b)(1) penalties for negligence.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.