T.C. Memo. 2018-208

UNITED STATES TAX COURT

PATIENTS MUTUAL ASSISTANCE COLLECTIVE CORPORATION d.b.a.
HARBORSIDE HEALTH CENTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 29212-11, 30851-12,              Filed December 20, 2018.
            14776-14.[1]


Henry G. Wykowski and Christopher A. Wood, for petitioner.

Nicholas J. Singer and Julie Ann Fields, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HOLMES, Judge:  In Patients Mutual Assistance Collective Corp. v.

Commissioner (Patients Mutual I), 151 T.C. ___ (Nov. 29, 2018), we concluded

_____

[1] We consolidated docket numbers 29212-11, 30851-12, and 14776-14 for trial, briefing, and opinion.  This opinion addresses only Harborside's liability for penalties.

[*2] that section 280E[2] required the disallowance of deductions for Harborside Health Center's (Harborside) ordinary and necessary business expenses and that section 263A(a)(2) precluded Harborside's capitalizing those expenses. Patients Mutual I left undecided the more contentious question of whether Harborside is liable for accuracy-related penalties under section 6662(a).

## OPINION

We begin with the law. Section 6662(a) and (b)(1) and (2) imposes a 20% penalty on the portion of an underpayment attributable to any substantial understatement of income tax or negligence or disregard of rules or regulations. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code, and disregard includes any careless, reckless, or intentional disregard. Sec. 6662(c). An understatement of a corporation's income tax is substantial if it exceeds the lesser of $10 million or "10 percent of the tax required to be shown on the return for the taxable year (or, if greater, $10,000)." Sec. 6662(d)(1)(B).

Harborside can avoid these penalties by showing that it acted with reasonable cause and in good faith. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax

---

[2] Unless we say otherwise, all section references are to the Internal Revenue Code in effect for the years at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** Regs. To decide whether a taxpayer acted with reasonable cause and in good faith, we look at all relevant facts and circumstances, such as the "taxpayer's effort to assess the taxpayer's proper tax liability" and his "experience, knowledge, and education." Sec. 1.6664-4(b)(1), Income Tax Regs.

FINDINGS OF FACT

And that brings us to the contention here: What do the facts show?

The key facts for the remaining penalty issue are that Harborside is a C corporation for federal tax purposes and has a tax year ending July 31. It filed Forms 1120, U.S. Corporation Income Tax Return, for 2007 to 2012 and later amended its 2007 and 2008 returns. These returns led to three notices of deficiency--one for 2007 and 2008, one for 2009 and 2010, and one for 2011 and 2012.

Although the Commissioner asserted the accuracy-related penalties for both negligence and substantial understatement in the notices of deficiency, by the time he filed his pretrial memorandum he was relying only on Harborside's substantial understatements. And we agree with him that he has met his burden of production for the penalties, because in Patients Mutual I we found an understatement (which does not exceed $10 million for any year) that was well over 10% of the tax required to be shown and over $10,000 for each of the six years at issue.

**[*4]**  Harborside argues, however, that it showed that its return positions were reasonable and taken in good faith.  It specifically argues that they were reasonable because from 2007 until 2012 the only relevant case was Californians Helping to Alleviate Med. Problems, Inc. v. Commissioner (CHAMP), 128 T.C. 173, 181 (2007), where we did hold that medical-marijuana dispensaries were "trafficking" under section 280E, but allowed a dispensary to deduct its non-drug-trafficking-related expenses.  CHAMP was the first of our marijuana-dispensary cases, and the Commissioner conceded any penalty.  CHAMP, 128 T.C. at 173, 185-86.

In CHAMP, however, we did not analyze the main argument that Harborside relied on in Patients Mutual I--that the phrase "consists of" in section 280E must mean something like "consists entirely of."  And there the caselaw sat until 2012, when we issued Olive.  Olive v. Commissioner, 139 T.C. 19, 36-42 (2012), aff'd, 792 F.3d 1146 (9th Cir. 2015), disallowed deductions only after highlighting major factual differences with CHAMP; allowed estimated COGS adjustments under the Cohan rule, see Cohan v. Commissioner, 39 F.2d 540, 543-44 (2d Cir. 1930); and was on appeal until 2015.  In Olive we did discuss the meaning of the phrase "consists of" in section 280E, but treated it rather summarily, presumably because the taxpayer's *only* revenue was from marijuana

[*5] sales. Olive, 139 T.C. at 22, 42. In these cases, Harborside elaborated on the argument very considerably--and almost persuasively--in what we find was a reasonable hope for a more elaborate judicial analysis of that position for a business with some, albeit comparatively tiny, revenue from nonmarijuana sales.

In any event, Olive did not become final and unappealable until years after Harborside filed the last of the returns at issue in these cases. And Harborside also points out that, apart from CHAMP and Olive, there was very limited guidance available to marijuana dispensaries. Harborside correctly points out that the IRS has never promulgated regulations for section 280E and didn't issue any guidance on marijuana businesses' capitalization of inventory costs until 2015. See Chief Counsel Advice 201504011 (Jan. 23, 2015).

This leads us to the conclusion that Harborside's reporting position was reasonable. Not only had its main argument for the inapplicability of section 280E to its business not yet been the subject of a final unappealable decision, but as discussed at length in Patients Mutual I, the meaning of "consists of" as used in section 280E is subject to more than one reasonable interpretation. See Patients Mutual I, 151 T.C. at ___ (slip op. at 24-37). Even by 2012--the last of the tax years at issue here--the only addition to this caselaw was our own opinion in Olive, and it too was still years away from a final appellate decision.

**[*6]**    As to Harborside's good faith:  We released <u>Olive</u> shortly after Harborside's 2012 tax year ended, and Harborside began allocating a percentage of its operating expenses to a "non-deductible" category starting that year and did not even wait for <u>Olive</u> to be affirmed on appeal.  And although Harborside wasn't primarily a caregiver like the taxpayer in <u>CHAMP</u>, its non-drug-trafficking activities were less negligible than those in <u>Olive</u>, putting it factually somewhere between those cases.

It is true that we did sustain a portion of the accuracy-related penalty in <u>Olive</u>, but that was because the taxpayer had not kept good books and records. 139 T.C. at 44.  We carefully observed that "[t]he application of section 280E to the expenses of a medical marijuana dispensary had not yet been decided when petitioner filed his Federal income tax returns for 2004 and 2005.  The accuracy-related penalty does not apply, therefore, to the portion of each underpayment that would not have resulted had petitioner been allowed to deduct his substantiated expenses." <u>Id.</u>  Keeping good books and records was one of Harborside's strengths, and the Commissioner agreed in pretrial stipulations in each of these cases that Harborside had substantiated all its claimed deductions and COGS for all the tax years at issue and that all of them were paid or incurred in a trade or business.

**[\*7]** We also believe the testimony of Steve DeAngelo--Harborside's cofounder and boss--that he actively sought to comply with California law and our caselaw. After trying the case and looking at the records and testimony that Harborside presented, we find no bad faith in its taking the reporting positions that it did.

We've previously declined to impose accuracy-related penalties when there was no clear authority to guide taxpayers. See Petersen v. Commissioner, 148 T.C. 463, 481 (2017); Williams v. Commissioner, 123 T.C. 144, 153 (2004); see also Foster v. Commissioner, 756 F.2d 1430, 1439 (9th Cir. 1985), aff'g in part, vacating in part 80 T.C. 34 (1983). We will do so again here.

We therefore find that Harborside acted with reasonable cause and in good faith when taking its tax positions for the years at issue. Harborside isn't liable for penalties.

Decisions will be entered under Rule 155.